# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1417

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *
    v.                             *
                                   *
Jamie R. Madison,                  *
                                   *
            Appellant.             *

_____                          Appeals from the United States
                                     District Court for the Western
No. 01-1438                          District of Missouri.

_____

United States of America,          *
                                   *
            Appellee,              *     [UNPUBLISHED]
                                   *
    v.                             *
                                   *
Jose A. Rincon,                    *
                                   *
            Appellant.             *

_____

Submitted: August 7, 2001

Filed: August 14, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jamie R. Madison and Jose A. Rincon pleaded guilty to conspiracy to distribute cocaine. In Madison's plea agreement, the parties "stipulate[d] and agree[d] [Madison] is not eligible for any adjustment due to an 'aggravating role.'" Nevertheless, Madison's presentence report (PSR) computed a two-level increase in his offense level for his role as an organizer, leader, manager, or supervisor in the criminal activity under U.S. Sentencing Guidelines Manual § 3B1.1(c). Rincon's PSR reflected a four-level increase for his role in the offense. Both defendants objected to the role adjustments, and the Government filed an amended sentencing memorandum opposing the increases. Before sentencing, the district court* contacted the Government's attorney and directed that witnesses be present at the time of sentencing to address the issue of role in the offense. After hearing the evidence, the district court assessed two-level adjustments for both defendants. Madison was sentenced to imprisonment for 78 months and Rincon was sentenced to 87 months in prison. Madison and Rincon appeal their sentences, challenging the aggravating-role increases. We affirm.

On appeal Madison contends the Government violated the plea agreement by presenting evidence Madison was a leader or manager. Madison requests specific enforcement of the agreement and asks us to remand for resentencing before a different district judge. See Margalli-Olvera v. I.N.S., 43 F.3d 345, 354-55 (8th Cir. 1994) (specific performance is preferred remedy for Government's breach of plea agreement). The Government argues Madison is precluded from challenging his sentence because he expressly, voluntarily, and knowingly waived the right to appeal sentencing guidelines issues as part of the plea agreement. The waiver provision does not bar an

_____

*The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

appeal of a sentence if there is a breach of the agreement, however. <u>United States v. Wilkerson</u>, 179 F.3d 1083, 1084 n.2 (8th Cir. 1999); <u>United States v. Greger</u>, 98 F.3d 1080, 1081 (8th Cir. 1996).

Madison argues the stipulation contained in his plea agreement falls under Federal Rule of Criminal Procedure 11(e)(1)(C), which provides:

> The attorney for the government and the attorney for the defendant . . . may agree that, upon the defendant's entering a plea of guilty . . . to a charged offense, . . . the attorney for the government will: . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case. Such a plea agreement is binding on the court once it is accepted by the court.

The Government contends the plea agreement falls under Federal Rule of Criminal Procedure 11(e)(1)(B), which states the Government and the defendant may agree that if the defendant pleads guilty, the Government will:

> recommend, or agree not to oppose the defendant's request for a particular sentence or sentencing range, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case. Any such recommendation or request is not binding on the court.

The main difference between these Rules is that under Rule 11(e)(1)(C), the Government promises to "agree," which binds the district court at sentencing, and under Rule 11(e)(1)(B), the Government promises to "recommend," which does not bind the district court at sentencing.

The plea agreement in Madison's case does not specify that it falls under either Rule, and contains elements of both types of agreements. It states, in relevant part:

The defendant understands that the maximum sentence which may be imposed . . . is not less than 5 years of imprisonment and not more than 40 years imprisonment . . . . The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to [the] Sentencing Guidelines. . . . The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines. . . . With respect to the application of the sentencing guidelines to this case, the parties stipulate and agree as follows: . . . Defendant is not eligible for any adjustment due to an "aggravating role" or "mitigating role" (§ 3B1.1 or § 3B1.2).

Although the Government "stipulate[d] and agree[d] [Madison] is not eligible for any adjustment due to an 'aggravating role,'" Madison "agree[d] that [the district] Court ha[d] jurisdiction and authority to impose any sentence up to the statutory maximum." Further, during the plea colloquy, Madison said he understood the final decision about how the guidelines would be calculated and, ultimately, what sentence would be imposed rested with the district court, and that if the district court figured the guidelines differently than the plea agreement, Madison would not have the right to withdraw his guilty plea. See Fed. R. Crim. P. 11(e)(2) (court must advise defendant that defendant cannot withdraw plea if court rejects Rule 11(e)(1)(B) plea agreement). Considering the record as a whole, we conclude the parties contemplated a Rule 11(e)(1)(B) agreement. Thus, the agreement was not binding on the district court, and the Government did not breach the agreement by offering evidence only at the court's direction.

Madison and Rincon both contend the district court committed error when it increased their offense levels for their aggravating roles in the offense. Madison argues there was no direct evidence he managed or supervised anyone else in the

conspiracy, and his status as a distributor alone does not warrant the enhancement. Rincon also contends he was merely a middleman or distributor.

The terms "organizer" and "leader" are broadly defined. <u>United States v. Bahena</u>, 223 F.3d 797, 804 (8th Cir. 2000). We review the sentencing court's findings of historical fact for clear error, and review whether those facts support a role adjustment de novo. <u>Id.</u> Here, the district court's findings were not clearly erroneous and provided a permissible basis for assessing role in the offense adjustments for Madison and Rincon.

Madison and Rincon both took leadership roles in obtaining large quantities of cocaine and marijuana from Texas, and seeing to it that the drugs were transported to Missouri for further distribution. Although one's status as a distributor, standing alone, does not warrant the "organizer" or "leader" enhancement, <u>id.</u>, Madison and Rincon also "fronted" the drugs to their distributors in Missouri, assuming a financial risk for the later drug sales, <u>United States v. Loveless</u>, 139 F.3d 587, 594 (8th Cir. 1998). Madison's increase is also supported by evidence he furnished another lower level codefendant with a safe and paid a the codefendant to store drugs and money inside. As for Rincon, the evidence also showed he distributed cocaine and marijuana to other lower level codefendants and was responsible for ensuring that quantities of the drugs were available in Missouri.

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-