

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# USA v. Harold Keith

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Harold Keith" (2009). *2009 Decisions*. Paper 1142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3439
_____

UNITED STATES OF AMERICA

v.

HAROLD BRENT KEITH
also known as
HAROLD WALLACE
also known as
NEW YORK
also known as
BRIAN KEITH

Harold Brent Keith,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00354)
District Judge:  Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  RENDELL and ROTH, <u>Circuit</u> <u>Judges</u>,
and HAYDEN, <u>District</u> <u>Judge</u>*

(Filed: June 24, 2009)

_____

    *  Honorable Katharine S. Hayden, Judge of the United States District Court for the
District of New Jersey (Newark), sitting by designation.

OPINION OF THE COURT

HAYDEN, District Judge.

Harold Brent Keith, proceeding *pro se*, appeals the denial of his motion for reduction of sentence. Keith, who pleaded guilty pursuant to a Rule 11(c)(1)(C)[1] plea agreement, moved under 18 U.S.C. § 3582(c)(2) on the grounds that recent amendments to the sentencing guidelines lowering the cocaine base ("crack") offense level should apply retroactively to his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3582(c)(2). For the following reasons, we will affirm.

In 1995, Keith was convicted of a felony narcotics offense in New York state court. (A-14.) In May 2003, he sold crack to undercover police officers and in August 2003, in the course of a traffic stop, he was arrested for possession of 10.5 grams of crack and a loaded semi-automatic pistol. (A-18.) On September 30, 2004, a grand jury in the Eastern District of Pennsylvania returned a four-count superseding indictment charging Keith with distribution of crack (Count One); possession of five or more grams of crack with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Two); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.

---

[1]Rule 11(c)(1)(C) was formerly known as Rule 11(e)(1)(C). *United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004). All references herein to Rule 11(e)(1)(C) should be understood as relating to Rule 11(c)(1)(C).

§ 924(c)(1) (Count Three); and possession of a firearm by a convicted felon (Count Four). (A-10-13.) Keith pleaded guilty to Counts Two and Four on February 18, 2005. (A-8.)

Keith's plea agreement contained this stipulation in paragraph 3(b):

> The parties agree that this plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case. If the Court rejects this plea agreement, it is further agreed that this agreement shall automatically convert to a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B), and this specific sentence shall be the joint recommendation of the parties, although not binding on the Court. This agreed upon sentence is as follows: 144 months incarceration, 3 years supervised release, and a $200 special assessment.

(A-19.) The Court sentenced Keith to 144 months. Keith did not appeal his sentence.

Keith's motion for reduction of his sentence, which he filed on July 2, 2008, was premised on Amendment 706 to the sentencing guidelines, effective November 1, 2007, which reduced the base offense level by two levels for most crack offenses. On December 11, 2007, the United States Sentencing Commission ("USSC") added Amendment 706 to the list of amendments available for retroactive application, as provided in U.S.S.G. § 1B1.10(c).

In its order denying Keith's motion, the District Court wrote:

> On February 18, 2005, Defendant pled guilty to one count of possession with intent to distribute 5 grams or more of cocaine base ("crack"), and one count of being a felon in possession of a firearm. Defendant and the Government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed and stipulated to a term of imprisonment of 144 months.

> Defendant also waived his right to receive a pre-sentence investigation report prior to the imposition of sentence. On the same day, we accepted the plea agreement and sentenced Defendant to the agreed-upon 144 months.
>
> Defendant now seeks a reduction in sentence pursuant to 18 U.S.C. §3582(c)(2) in light of the retroactive application of Amendment 706 to the United States Sentencing Guidelines for crack cocaine offenses. Section 3582(c)(2) provides in pertinent part: "[i]n the case of a defendant <u>who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> . . . the court may reduce the term of imprisonment . . ."
>
> Defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Rather, he was sentenced based upon the parties' Rule 11(c)(1)(C) agreement, a fact which is underscored by his waiver of a pre-sentence investigation report. Consequently, defendant is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) and his Motion is denied.

(A-31 (internal citations omitted) (emphasis in original).) Keith filed a timely notice of appeal in this Court.

In his brief on appeal, Keith contends that the sentencing court "was not bound by the stipulated sentencing range between the parties and if the court decided to sentence above or below the stipulation, the defendant was not able to withdraw the plea"; and that the plea agreement "unequivocally states that both parties are able to argue for a sentence other than that stipulated to[.]" He notes that "all Circuits have held that Rule 11(e)(1)(C) and [Rule 11](e)(1)(B) plea agreements are 2 separate and distinct contracts." (Appellant Br. 2-3.)

It appears that Keith's arguments arise out of the presence of the Rule 11(c)(1)(B)

4

alternative in paragraph 3(b) of his plea agreement that provided, in the event the district judge did not accept the "C plea," as follows: "[I]t is further agreed that this agreement shall automatically convert to a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B), and this specific sentence shall be the joint recommendation of the parties, although not binding on the Court. This agreed-upon sentence is as follows: 144 months incarceration, 3 years supervised release, and a $200 special assessment." Keith is correct that this language does not bind the sentencing judge to sentence him to 144 months if the court rejected the C plea. Further, he is correct that under paragraph 5 of the plea agreement, he could not withdraw his plea in the event the Court rejected any of the sentencing recommendations; and that under paragraph 6, the parties agreed that they were free to argue the applicability of any provision of the sentencing guidelines, and that neither the court nor probation was bound by the plea stipulations. But this latitude is related to the court's discretion under a B plea. Keith's argument ignores that the plea language in paragraph 3(b) is very clear: if the sentencing court sentenced under Rule 11(c)(1)(C), it was bound to impose a sentence of 144 months and there would be no exercise of discretion. Arguments about what the court could or could not impose as a sentence would be useless.

It is beyond dispute that the sentencing court sentenced him under Rule 11(c)(1)(C), and so Keith's line of reasoning is logically, and legally, unavailing.

Keith also argues that in denying his motion, the District Court should have

5

indicated what the amended guideline range would have been, pointing to U.S.S.G. § 1B1.10(b)(1), which states that in deciding a motion under § 3582(c)(2), the district court must determine the amended guideline range that *would have been applicable* at the time of sentencing. But again, this assumes that a guidelines range was the basis of his sentence to begin with. As indicated, by accepting the C plea, the sentencing court did not rely upon or calculate a sentencing range.

Significantly, Keith's papers concede that defendants convicted under a Rule 11(c)(1)(C) plea agreement may not move for sentence modification under § 3582(c)(2), and that "every Circuit to consider such issue has ruled accordingly." (Appellant Br. 4.) Keith nonetheless argues his particular plea agreement preserves his eligibility for relief, relying on *United States v. Gillen*, 449 F.3d 898, 902 (8th Cir. 2006). There the defendant pleaded guilty to felony possession of a firearm, and received a 63-month sentence. The Eighth Circuit observed that the plea agreement "resemble[d]" a Rule 11(c)(1)(C) plea because it used "language such as 'the parties agree.'" *Id.* at 902. But ultimately the similarity failed, because Gillen's agreement "clearly state[d] that the plea agreement 'b[ou]nd only the defendant and the United States Attorney'" and did "not bind the Court or the United States Probation Office with respect to the Guidelines levels." *Id.* (citing plea agreement). Thus "Gillen should have understood that the plea agreement was a nonbinding 'Type B' agreement." *Id.* Unlike the *Gillen* agreement, Keith's plea agreement is explicit in paragraph 3(b) that "[t]he parties agree that this plea

6

agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case." The further agreement that the plea would be entered pursuant to Rule 11(c)(1)(B) – with, arguably, the features of the *Gillen* plea – only applied if the court rejected the C plea stipulation.

The blunt force of a Rule 11(c)(1)(C) sentencing in the context of later amendments to the guidelines has been the subject of prior decisions that specifically hold that the sentencing court is without authority to modify a sentence under § 3582(c)(2). In *United States v. Trujeque*, 100 F.3d 869, 869-71 (10th Cir. 1996), the Tenth Circuit concluded that "because [the defendant] entered a plea agreement specifying a term of imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C), he may not seek a reduction in his sentence via 18 U.S.C. § 3582(c)(2)," and that "the district court should have dismissed [defendant's § 3582(c)(2)] motion without considering its merits." The Sixth Circuit ruled similarly in *United States v. Peveler*, stating that "Rule 11(e)(1)(C) . . . expressly limits the district court's authority to modify the [plea] agreement," and that "once a district court accepts a plea agreement where parties agreed on a specific sentence or sentencing range, the district court is bound by the parties' plea agreement." 359 F.3d 369, 375, 377 (6th Cir. 2004) (internal citations omitted).

Most recently, in *United States v. Sanchez*, 562 F.3d 275 (3d Cir. 2009), this Court "concluded that relief under § 3582(c)(2) is not available for a defendant who has been

7

sentenced pursuant to a Rule 11(c)(1)(C) binding plea agreement." *United States v. Clayborn*, No. 08-2617, 2009 U.S. App. LEXIS 7495, *3 (3d Cir. Apr. 8, 2009) (citing *Sanchez*, 562 F.3d at 282 n.7). In so ruling, the Court addressed "conflicting signals in the record" as to whether the sentencing guidelines influenced the sentence imposed, stating "[w]here, as here, the District Court accepted a so-called 'C' plea, the answer is simple: the sentence is based on the terms expressly agreed on by the defendant and the government. That is what the Rule itself demands." *Sanchez*, 562 F.3d at 282 n.8

The same reasoning applies here. The parties' agreement was the only basis for the sentence. Keith pleaded and was sentenced in the course of one proceeding. As the District Court noted, no presentence report was prepared. Once the District Court accepted the C plea, it was bound to sentence to 144 months, and as to that specific sentence (not sentencing *range*), the sentencing court made no guidelines calculation or adjustments. In short, the court was without authority to modify the sentence, and there existed no predicate upon which to apply the crack guideline amendments.

In light of the foregoing, we will AFFIRM the Order of the District Court denying Keith's motion to reduce his sentence.