# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1463

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Wayne Wieskamp

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 6, 2018
Filed: February 15, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Gregory Wieskamp directly appeals after he pleaded guilty to ammunition possession offenses, and the district court[1] sentenced him within the Guidelines

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

range. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court inadequately informed Wieskamp of his right to persist in a plea of not guilty, see Fed. R. Crim. P. 11(b)(1)(B), and abused its discretion by sentencing Wieskamp to a greater prison term than his codefendants received.

Wieskamp did not object to the purported Rule 11 error below, and after careful review, we conclude that no plain error occurred. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004) (plain-error standard); United States v. Gillen, 449 F.3d 898, 903-04 (8th Cir. 2006) (concluding that failure to give Rule 11 warning verbatim was harmless where plea agreement contained warning and defendant confirmed that he understood agreement). We also conclude that the district court did not impose a substantively unreasonable sentence, as it specifically discussed several sentencing factors, and considered counsel's argument that Wieskamp should not receive a harsher sentence than two of his codefendants. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (abuse-of-discretion review; where court makes individualized assessment based on facts presented, addressing defendant's proffered information in considering 18 U.S.C. § 3553(a) factors, sentence is not unreasonable); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (if sentence is within Guidelines range, appellate court may, but is not required to, apply presumption of reasonableness).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____