**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2827
_____

UNITED STATES OF AMERICA,

v.

DENNIS EDWARDS, a/k/a Death,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-12-cr-00242-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 3, 2024

Before: HARDIMAN, PORTER, and AMBRO, *Circuit Judges*.

(Filed: June 4, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Dennis Edwards appeals his judgment of conviction and sentence, arguing that the District Court erred by not allowing him to withdraw his guilty plea. We will affirm.

I

Edwards admitted to supplying U.S.-bound cruise passengers with cocaine when their ship docked at St. Maarten in the Netherlands Antilles. He pleaded guilty to one count of conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963. *See* 21 U.S.C. §§ 952(a) and 960(b)(3). In exchange, the Government promised not to bring additional charges. The parties further "agree[d] that a term of imprisonment within the range of 34 to 38 months . . . is reasonable" but "recognize[d] . . . that the Stipulated Range w[ould] not bind the District Court." App. 20. At the plea hearing, the District Court warned Edwards that the parties' stipulated range was not binding on the Court and was "likely to be substantially below" his Guidelines range. App. 48. The Court also emphasized that Edwards would be unable to withdraw his guilty plea if the Court's "sentence [wa]s . . . different than what the parties . . . stipulated to." App. 48–49. Edwards responded that he understood the Court's admonitions.

The Probation Office calculated Edwards's Guidelines range as 87 to 108 months' imprisonment. The District Court agreed with that calculation but granted Edwards a four-level downward variance, which yielded a final Guidelines range of 57 to 71 months' imprisonment. The District Court acknowledged the parties' stipulation but reiterated that it was "not binding on the Court," App. 71, and ultimately sentenced Edwards to 60 months' imprisonment—22 months above the top of the stipulated range.

2

Edwards did not object to the sentence or ask to withdraw his guilty plea. He now appeals.[1]

## II

Our resolution of this appeal turns on the type of stipulated guilty plea Edwards entered under Rule 11 of the Federal Rules of Criminal Procedure. Edwards contends for the first time on appeal that he entered into a Type C agreement, so the District Court should have permitted him to withdraw his guilty plea before imposing a sentence above the parties' stipulated range. *See* Fed. R. Crim. P. 11(c)(5)(B) (if a court rejects a Type C agreement, it must "give the defendant an opportunity to withdraw [his] plea"). We disagree.

Because the parties' stipulation did not bind the District Court, Edwards entered a Type B plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(B); *United States v. Bentley*, 49 F.4th 275, 280 & n.2 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 787 (2023). So the Court had no duty to let Edwards withdraw his plea before imposing a sentence above the stipulated range.

Edwards argues that his agreement was Type C because Rule 11(c)(1)(C) governs "agree[ments] that a specific . . . sentencing range is . . . appropriate," Fed. R. Crim. P. 11(c)(1)(C), and his agreement provides that a 34- to 38-month term of imprisonment "is reasonable," App. 20. But "the record as a whole"—including Edwards's plea colloquy

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

and signed plea agreement—shows he understood the parties' stipulation did not bind the District Court. *United States v. Gillen*, 449 F.3d 898, 902 (8th Cir. 2006) (cleaned up). His plea agreement provided "that the Stipulated Range *w[ould] not bind the District Court.*" App. 20 (emphasis added). "[T]hus [it was] a non-binding 'Type B' plea, not a 'Type C' plea." *Bentley*, 49 F.4th at 280 n.2. And "[s]o long as the defendant is fairly apprised of the consequences of entering into a Type B plea agreement and accedes to them voluntarily, he has no right to withdraw" his plea. *United States v. Torres-Giles*, 80 F.4th 934, 939 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 616 (2024). The Court explained—and Edwards confirmed he understood—that he could not withdraw his plea if the Court sentenced him above the parties' stipulated range. So the District Court committed no error, much less plain error,[2] by failing to give Edwards a chance to withdraw his guilty plea before it imposed a 60-month sentence. *See, e.g.*, *United States v. Dixon*, 308 F.3d 229, 235–36 (3d Cir. 2002) (declining to vacate sentence where defendant failed to show the district court committed plain error).

The Eighth Circuit's decision in *Gillen* supports our conclusion. Although Gillen's plea agreement "resemble[d] a 'Type C' agreement by its use of language such as 'the parties agree,'" the court concluded that it was Type B because it "clearly state[d] that" it "d[id] not bind the Court." *Gillen*, 449 F.3d at 902 (cleaned up). The district court had also warned Gillen that he could "not . . . withdraw [his] guilty plea" if he "receive[d] a

---

[2] Because Edwards did not object in the District Court, we review the District Court's sentencing procedure for plain error. *See United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001).

4

greater sentence than what [he] might otherwise have anticipated." *Id.* While the plea agreement used language common in Type C agreements, "Gillen should have understood that [it] was a non-binding 'Type B' agreement." *Id.* at 903–04. So too here. Edwards's plea colloquy and signed plea agreement clearly show that the District Court was not bound by the parties' stipulation and Edwards was made abundantly aware of that fact.

That the Court described Edwards's plea agreement as "probably" "a soft (c)" does not alter our conclusion. App. 71. "[T]he terms of the plea agreement determine its type," *United States v. Bennett*, 990 F.2d 998, 1004 (7th Cir. 1993); and a district court "cannot transform [a] non-binding Type B plea agreement into a . . . Type C plea agreement," *Torres-Giles*, 80 F.4th at 939. Even if the Court had mischaracterized the agreement, this was "at most, only harmless error, as it did not affect [Edwards's] substantial rights, considering [he] was advised in both the plea agreement and at the hearing that he would not be allowed to withdraw his plea." *Gillen*, 449 F.3d at 904. And Edwards cannot claim to have been misled by the "soft (c)" remark because the Court emphasized "soft [meant] not binding on [the Court]." App. 71.

In sum, because Edwards had a Type B agreement, the District Court did not err when it failed to offer him an opportunity to withdraw his plea. Even if it had, the error

was not "obvious or clear under current law." *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc) (cleaned up).

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of conviction and sentence.