# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3191

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Tina Marie Johnson, | * |
| | * |
| Appellant. | * |

_____

No. 04-3301

_____

| | | |
|---|---|---|
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Jay Dee Kloppenburg, | * | |
| | * | |
| Appellant. | * | |

Appeals from the United States
District Court for the
Northern District of Iowa.

_____

Submitted: May 6, 2005
Filed: June 9, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tina Johnson and Jay Kloppenburg appeal their sentences (280 and 324 months respectively) that the district court[1] imposed after they each pleaded guilty to conspiring to manufacture and attempt to manufacture 5 grams or more of actual (pure) methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Johnson and Kloppenburg argue that the district court violated their Sixth Amendment rights by applying--over their objections under Blakely v. Washington, 124 S. Ct. 2531, 2536-43 (2004)--various federal Sentencing Guidelines enhancements.

The Supreme Court recently decided that the reasoning in Blakely applies to the Guidelines, and therefore "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See United States v. Booker, 125 S. Ct. 738, 756 (2005).

Although it is not entirely clear to us from the record what precisely defendants were disputing below, we will liberally construe their arguments as objecting to the district court deciding the facts underlying the sentencing enhancements at issue. The resulting Sixth Amendment violations, however, were harmless beyond a reasonable doubt. See Neder v. United States, 527 U.S. 1, 7-8 (1999) (for all preserved constitutional errors other than "very limited class" determined to be "structural," reviewing court must disregard all errors that are harmless beyond reasonable doubt; error is harmful if it affects substantial rights).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The court first determined the appropriate Guidelines ranges and U.S.S.G. § 5K1.1 departures. Considering the factors set forth in 18 U.S.C. § 3553(a), the court then crafted an alternative sentence in each case that would apply in the event that the Guidelines were held unconstitutional; and in each case the alternative discretionary sentence was the same as the sentence that was imposed within the Guidelines-mandated sentencing range. See United States v. Dominguez-Benitez, 124 S. Ct. 2333, 2339 (2004) (error affects substantial rights if it has prejudicial effect on outcome of judicial proceeding); United States v. Haack, No. 04-1594, 2005 WL 840124, at *5 (8th Cir. Apr. 13, 2005) (sentencing court must first determine appropriate Guidelines sentencing range and whether departure is appropriate; court must then consider § 3553(a) factors when determining whether to impose Guidelines or non-Guidelines sentence); see also United States v. Marcussen, No. 04-2935, 2005 WL 820350, at *2 (8th Cir. Apr. 1, 2005) (applying harmless-error analysis where there was no Sixth Amendment violation, but where sentencing under mandatory Guidelines scheme was deemed erroneous in light of Booker; finding error to be harmless because district court imposed alternative non-Guidelines sentence that was same as sentence mandated by Guidelines and thus sentencing under mandatory Guidelines scheme did not affect ultimate sentence).

The sentences were enhanced considerably because of the substantial risk of harm to the defendants' two-month old child, who was present in defendants' anhydrous-ammonia and ether-filled residence. This fact resulted in the 6-level enhancement for the creation of a substantial risk of harm to the life of a minor, which supports our determination that Johnson's and Kloppenburg's sentences were not unreasonable. See Booker, 125 S. Ct. at 764-67.

Accordingly, we affirm.

_____