# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1988

_____

United States of America,              *
                                    *

         Appellee,               *
                                    *   Appeal from the United States

      v.                     *   District Court for the
                                    *   Eastern District of Arkansas.

Damon Lemont Thomas,        *

                                    *      [UNPUBLISHED]

         Appellant.             *

_____

Submitted: September 29, 2009
Filed: October 2, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Damon Thomas (Thomas) pled guilty to conspiracy to commit arson, in violation of 18 U.S.C. § 844(i) and (n). The district court[1] sentenced Thomas to the statutory minimum of 5 years in prison. On appeal, Thomas's counsel seeks permission to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), identifying as possible issues for review the district court's entry of Thomas's guilty plea and the sentence imposed. Thomas has filed a pro se supplemental brief.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

First, we conclude that the court did not abuse its discretion in handling Thomas's guilty plea.  See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (stating the standard for reviewing denial of motion to withdraw guilty plea).  Thomas admitted his guilt both in his plea agreement and at the plea hearing, and confirmed he was voluntarily pleading guilty.  While Thomas initially may have been confused about the minimum penalty, we note the district court provided Thomas ample time to gain an understanding of the statutory penalties.  At sentencing, Thomas expressly acknowledged the minimum sentence was 5 years in prison, and expressly stated he wanted to persist in his guilty plea.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)); cf. United States v. Gray, __ F.3d __, __, No. 08-3598, 2009 WL 2986743, at **5-6 (8th Cir. Sept. 21, 2009) (per curiam) (finding reversible error where the court "omitted mention of any maximum penalty" at change-of-plea hearing and overruled defendant's repeated objections at sentencing that he was unaware of maximum penalty when he pled guilty and did not wish to persist in his guilty plea).

Second, as to Thomas's sentence, we conclude the district court lacked discretion to sentence Thomas below the statutory minimum of 5 years in prison.  See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting an argument that the district court had discretion to determine whether the ultimate sentence is reasonable and impose a non-Guidelines sentence even when a portion of the sentence is the result of a mandatory minimum sentence and noting United States v. Booker, 543 U.S. 220 (2005), does not relate to statutorily imposed sentences); see also United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (explaining the only authority for the district court to depart from a statutory minimum sentence is found in

§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or defendant qualifies for safety-valve relief).

Finally, to the extent Thomas's pro se brief asserts ineffective assistance of counsel or that his guilty plea was involuntary, we decline to review these claims on direct appeal. See United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007) (declaring an appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (stating a claim that a guilty plea was involuntary is not cognizable on direct appeal unless first presented to district court).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We affirm the district court's judgment and we grant counsel's request to withdraw.

_____