NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3270

UNITED STATES OF AMERICA

v.

GERALD WAYNE UNDERWOOD,
                                        Appellant

On Appeal of a Decision of the United States District Court
for the Western District of Pennsylvania
(Crim. No. 08-cr-00092-001)
District Judge: Gary L. Lancaster

Submitted under Third Circuit L.A.R. 34.1(a)
April 16, 2010

Before: SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge*.[*]

(Filed: June 16, 2010)

OPINION

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

## I.

Following a search of his person during which police officers found a loaded handgun in his pocket, defendant-appellant Gerald Wayne Underwood pled guilty to one count of possession of a handgun by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court exercised jurisdiction over the matter pursuant to 18 U.S.C. § 3231 and held a change-of-plea hearing on March 20, 2009. On July 31, 2009, the district court sentenced Underwood to 70 months' imprisonment – the bottom end of the range recommended by the United States Sentencing Guidelines after applying a Criminal History Category of IV – and three years of supervised release.

Underwood filed a timely notice of appeal on August 3, 2009. His counsel has moved for permission to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Underwood has filed a *pro se* brief in support of his appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

If a criminal defendant wishes to appeal, but counsel, after a thorough review of the record, cannot find any appealable issue, counsel may file what is known as an *Anders* brief. Local Appellate Rule 109.2(a) reflects this court's implementation of *Anders*:

> Where, upon review of the district court record, trial counsel is persuaded
> that the appeal presents no issue of even arguable merit, trial counsel may
> file a motion to withdraw and supporting brief pursuant to *Anders v.*
> *California*, 386 U.S. 738 (1967), which shall be served upon the appellant

and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

In assessing an *Anders* brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We first examine whether counsel fulfilled the requirements of Rule 109.2(a). As Rule 109.2(a) reflects, "[t]he duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Youla*, 241 F.3d at 300. "Counsel need not raise and reject every possible claim" but need only satisfy the "conscientious examination" standard set forth in *Anders*. *Id.* When a defendant pleads guilty, only three arguments remain open for appeal: A defendant may challenge (1) the district court's jurisdiction to convict and sentence the defendant, (2) the validity or voluntariness of the plea, and (3) the legality of the sentence imposed. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

Counsel's initial *Anders* brief did not fulfill the requirements of *Youla*. Although

3

the brief spoke to Underwood's plea and sentence,[1] counsel represented that the district court fully complied with the mandates of Rule 11 of the Federal Rules of Criminal Procedure in receiving Underwood's guilty plea. This statement was incorrect: At the plea hearing, the district court failed to discuss its "obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures . . . and other sentencing factors," as mandated by Rule 11(b)(1)(M). Because counsel's discussion missed this deficiency, the *Anders* brief neither "*thoroughly* examined the record" nor "explain[ed] why" a Rule 11 argument "would be frivolous." *Youla*, 241 F.3d at 300 (emphasis supplied). Consequently, we directed Underwood's counsel and the government to file simultaneous memoranda discussing the district court's omission.

Both memoranda argue that any argument based on the district court's omission would be frivolous, and we agree. Because Underwood failed to raise an objection in the district court to that court's failure to address Rule 11(b)(1)(M), the propriety of Underwood's plea is reviewed for plain error. *United States v. Dixon*, 308 F.3d 229, 233-34 (3d Cir. 2002). To demonstrate plain error, defendant "must show that: '(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected [his] substantial rights.'" *Id.* at 234 (quoting *United States v. Syme*, 276 F.3d 131, 143 (3d Cir. 2002)). Even then, we "may 'exercise [our] discretion to order . . . a

---

[1]     Any challenge to the district court's jurisdiction would have been entirely frivolous, given that Underwood pled guilty to an "offense[] against the laws of the United States." 18 U.S.C. § 3231.

correction only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000)) (internal quotation marks omitted). This is a very demanding standard: It requires a showing of prejudice, which "[i]n this context" entails a showing that "were it not for the plain error . . . the outcome of the proceedings would have been different." *Id.*

Underwood could not show any such prejudice. Defendant "never complained about [the Rule 11(b)(1)(M)] violation, and there is no evidence [he] would have proceeded differently had the district court complied with this subsection of Rule 11." *United States v. Gray*, 581 F.3d 749, 754 n.1 (8th Cir. 2009). Moreover, counsel correctly notes that Underwood was made aware of the applicability of the Guidelines prior to his change of plea hearing by virtue of his receipt and review of a pre-plea pre-sentence report. We accordingly conclude that the district court's error did not result in prejudice to Underwood and that Underwood's guilty plea was valid.

We also agree with the initial *Anders* brief that the sentence imposed by the district court was both procedurally and substantively reasonable. In particular, we reject Underwood's *pro se* argument that his criminal history was miscalculated. Pursuant to U.S.S.G. § 4A1.2(a)(2) (November 1, 2007), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." Here, although Underwood was simultaneously sentenced for three

offenses, the offenses were separated by intervening arrests. Specifically, the first offense

and arrest took place in March 1999; Underwood committed, and was jailed for, the

second offense in May 1999; and defendant committed the final offense in September

1999. Nothing more is needed to conclude that the district court correctly applied §

4A1.2(a)(2). *See United States v. Hallman*, 23 F.3d 821, 824-25 (3d Cir. 1994). Any

challenge to Underwood's sentence would therefore be patently frivolous.[2]

     For these reasons, we will grant counsel's motion to withdraw and affirm the

judgment of the district court.

---

[2]      Counsel is also correct that the ineffective assistance claims raised by Underwood in a *pro se* filing in the district court should be heard on collateral review, not on a direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).