NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3106
_____

UNITED STATES OF AMERICA

v.

RASHID BRADLEY,
aka Thomas Lee, aka James Rogers

Rashid Bradley,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 09-cr-00246-001
(Honorable Timothy J. Savage)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2012

Before: SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 30, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Rashid Bradley appeals his 180-month sentence following a conviction for one

count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(e). Because the District Court properly applied the mandatory minimum sentence in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and Bradley may not, in a federal sentencing proceeding, collaterally attack the validity of his prior state convictions triggering that mandatory minimum sentence, we will affirm.

I.

In September, 2008, police officers on patrol saw Bradley run a red light and speed through residential streets of Philadelphia. They pulled Bradley over, and asked him for his driver's license, registration, and insurance. Bradley repeatedly gave evasive answers. Suddenly, Bradley announced he had his license and reached into his front right pocket. Suspicious, the officers ordered Bradley to place his hands in the air. Bradley complied and was handcuffed. The officers patted Bradley's right front pocket and discovered a loaded pistol with the safety off.

A grand jury indicted Bradley on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and, after trial, a jury convicted him. Under 18 U.S.C. § 924(e)(1), Bradley faced a mandatory minimum sentence of fifteen years because he had three previous convictions for serious drug offenses committed on different occasions: possession of cocaine with intent to deliver, in violation of 35 PA. CONS. STAT. § 780-113(a)(30).

Under U.S.S.G. § 4B1.4, Bradley's offense level was 33. With a criminal history category of IV, Bradley's sentencing guideline range was 188-235 months' imprisonment. The District Court denied a downward departure from the guideline range.

But after noting that some 18 U.S.C. § 3553(a) factors might weigh in favor of a reduced sentence, the court imposed the statutory mandatory minimum sentence of 180 months.

Bradley filed a *pro se* appeal contending the mandatory minimum sentence does not apply to him because the third of his state convictions, for an offense committed in October, 1997, was for mere possession of cocaine, not possession with intent to deliver.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over this legal challenge to the District Court's application of the ACCA. *United States v. Jones*, 332 F.3d 688, 690 (3d Cir. 2003).[1]

The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Section 922(g), under which Bradley was convicted, prohibits possession of a firearm by a convicted felon. Section 922(g)(1) refers to "a crime

---

[1] The government contends we should review for plain error because Bradley did not object at sentencing. While Bradley's counsel did not object, Bradley himself did. The disposition of this case does not depend on the standard of review, so we will assume without deciding that Bradley's objection sufficed to preserved the issue for review, particularly since he is now proceeding *pro se*. *See United States v. Gray*, 581 F.3d 749,752-53 (8th Cir. 2009) ("We liberally construe *pro se* objections to determine whether the defendant objected."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints "to less stringent standards than formal pleadings by lawyers.").

punishable by imprisonment for a term exceeding one year." That is, the ACCA provides a mandatory minimum sentence of fifteen years to a felon convicted of possessing a firearm who has been convicted of committing, on three separate occasions, a felony constituting a "serious drug offense" or a "violent felony." A "serious drug offense" includes a state law offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

Bradley was convicted of possession with intent to deliver twice in 1996 and once in 1997, in violation of 35 PA. CONS. STAT. § 780-113(a)(30). Since all three offenses involved cocaine, they were each punishable by a term of imprisonment "not exceeding ten years." § 780-113(f)(1.1). Accordingly, when Bradley was convicted under § 922(g), the District Court properly applied ACCA's mandatory minimum sentence.[2]

Bradley contends his third offense, committed in October, 1997, was for mere possession, and so not a "serious drug offense," on the basis that the criminal complaint for the offense did not specify a quantity of cocaine possessed. This contention is incorrect. "In satisfying its evidentiary burden to prove career offender status [under the

_____

[2] Bradley also relies on *United States v. Rodriquez*, 553 U.S. 377 (2008) and cases following it for the proposition the mandatory minimum sentence should not apply. These cases are inapt because they address whether a district court may apply the mandatory minimum sentence based on its own (not a state court's) finding the defendant would have qualified as a recidivist under state law, thereby increasing the length of the maximum sentence the defendant would have faced for a state law conviction. *See, e.g.*, *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.12 (2010) (interpreting *Rodriquez* to hold a district court may not apply the mandatory minimum sentence in such a situation). Here, the District Court applied the mandatory minimum sentence because each of Bradley's three prior convictions was a "serious drug offense" under the ACCA, regardless of status as a recidivist.

ACCA], the government may rely on certified copies of convictions," plea agreements, charging documents, or other comparably reliable judicial records. *United States v. Howard*, 599 F.3d 269, 272 (3d Cir. 2010). Once proven, such convictions are presumed valid and may not be collaterally attacked in federal sentencing proceedings. *Custis v. United States*, 511 U.S. 485, 497 (1994). The only proper avenues for attacking the validity of these convictions are in state court or through federal habeas review. *Daniels v. United States*, 532 U.S. 374, 382 (2001) (quoting *Custis*, 511 U.S. at 497). The government provided the District Court with certified copies of Bradley's three state court convictions for possession of cocaine with intent to deliver. This evidence was sufficient to satisfy the government's burden of proving Bradley's prior convictions, which were properly presumed valid in his federal sentencing proceeding. The certified copy of Bradley's conviction demonstrates he pled guilty to, and was convicted of, possession with intent to deliver. Moreover, the quantity of cocaine possessed, while sometimes evidence of intent to deliver, is not an element of the offense of possession with intent to deliver. *Commonwealth v. Campbell*, 614 A.2d 692, 699 (Pa. Super. 1992) (specifying that the elements of the offense are (1) possession of a controlled substance and (2) intent to deliver).

Bradley has petitioned in state court for review of his third possession with intent to deliver conviction, and asks us to stay our judgment on appeal pending the state court's resolution of this petition. A stay is a matter of judicial discretion, *Nken v. Holder*, 556 U.S. 418, 433 (2009), which we decline to exercise here because it would serve no purpose. Even if the state court were to reverse Bradley's conviction, the proper avenue

5

for Bradley to then challenge his federal sentence would be to petition the district court to reopen his federal sentence. *Custis*, 511 U.S. at 497; *Daniels*, 532 U.S. at 382. Of course, we express no opinion on the merits or on the eventual outcome.

III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.