**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4535

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

COURTNEY DIONE COWAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00024-RLV-DSC-1)

Argued: May 17, 2013          Decided: June 11, 2013

Before TRAXLER, Chief Judge, KING, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant. Melissa Louise Rikard, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Dione Cowan represented himself at trial and was convicted of being a felon in possession of a firearm. On appeal, he alleges several evidentiary errors and challenges the district court's requirement that he remain in leg restraints throughout the trial. For the reasons that follow, we affirm.

I.

In 2010, Cowan broke into the home of Cristal Rice, demanded to use Rice's telephone, and threatened her with a gun. Rice let Cowan use her phone, then ran out of her house to her neighbor's house. Cowan followed Rice, hit her in the head and back with his gun, returned to Rice's home, and began breaking the windows of Rice's home and car with his gun. Rice eventually called the police, who subsequently arrived and found a .38 revolver nearby. Rice identified Cowan as the assailant, and Cowan was later arrested. Apart from being intoxicated at the time, Cowan did not explain what motivated his actions.

Because Cowan had prior felony convictions, he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court appointed him two different attorneys; however, after Cowan was uncooperative and insisted that he did not want their help, the court granted each attorneys' motion to withdraw and Cowan proceeded pro se. The district court, without explanation or discussion appearing in

2

the record, required Cowan to remain in leg restraints during jury selection and throughout the trial. To avoid the prejudice that might result from the jury seeing a defendant in leg restraints, the court required Cowan to remain seated during the trial. Because Cowan could not stand and walk around the courtroom, the court also required the government to conduct the trial from a seated position, "[s]o it wo[uldn't] make it obvious that the defendant ha[d] leg irons and [was] in custody." J.A. 102.

Despite this directive, the government approached a witness on one occasion. Cowan objected, but the court overruled the objection. Once the jury was out of the courtroom, Cowan explained his prior objection, stating "You told me that due to the fact that I got these chains on my feet that I couldn't walk past through here. But you let [the government attorney] get up and walk over there and hand that stuff to [the witness]." J.A. 164. The court indicated that it did not know why Cowan was initially objecting, that at the time it forgot the ground rules, and that it would not let it happen again. Cowan was ultimately convicted and sentenced to 85 months' imprisonment.

## II.

Cowan's main argument on appeal is that the court erred and violated his Fifth Amendment due process right to a fair trial by requiring him to wear leg restraints during the trial. The

3

district court did not provide any explanation on the record for why it required Cowan to wear leg restraints. Therefore, if Cowan properly objected, the government would have the difficult burden of "prov[ing] beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained." Deck v. Missouri, 544 U.S. 622, 635 (2005) (second alteration in original) (internal quotation marks omitted).

As support for his view that he properly objected, Cowan points only to his above-mentioned objection to the government attorney standing up and approaching a witness on one occasion. Other than this one objection, Cowan did not otherwise directly object on the record to the requirement that he wear leg restraints. While "[w]e liberally construe pro se objections to determine whether the defendant objected," United States v. Gray, 581 F.3d 749, 752-53 (8th Cir. 2009) (per curiam), we nonetheless cannot construe Cowan's objection as an objection to the wearing of leg restraints. Rather, Cowan was objecting to the court giving the government attorney permission to approach a witness, in violation of the court's own rules set forth at the beginning of the trial. Accordingly, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Cowan has to show (1) there was an error, (2) that was plain, (3) that

4

affected his substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

Even if the court plainly erred, which we assume without deciding, Cowan cannot show that the error affected the outcome of the proceedings because he provides no evidence showing that the jury was able to see his leg restraints. See United States v. Williamson, 706 F.3d 405, 412 (4th Cir. 2013) ("To show that a plain error affected his substantial rights, the accused must demonstrate that the error actually affected the outcome of the proceedings." (internal quotation marks omitted)); United States v. Miller, 531 F.3d 340, 347 (6th Cir. 2008) ("Because [defendant] bears the burden of proof on plain error review, we will not assume without evidence that the [restraint] was visible at trial."). Moreover, the evidence against Cowan was strong, including the fact that blood found on the gun matched Cowan's DNA. Accordingly, Cowan cannot satisfy the plain error standard. See Williamson, 706 F.3d at 412-13.

### III.

Cowan also argues that the district court erred in admitting the grand jury testimony of his fiancée Kyla Milosavljevic. While Cowan concedes that portions of the grand jury testimony may have been admissible under Federal Rule of

5

Evidence 801(d)(1)(A), which excludes from hearsay any prior inconsistent statements given under oath, he contends that it was error for the court to admit into evidence the grand jury testimony in its entirety. We disagree.

At trial, the government introduced Milosavljevic's grand jury testimony for impeachment purposes because her in-court testimony was inconsistent with her grand jury testimony. For example, she testified before the grand jury that Cowan possessed the gun at one point, but she recanted that testimony during trial. She also testified before the grand jury that Cowan told her about his conduct on the night in question during a phone call from jail. But during trial, when the government read that testimony back to her, she suggested the testimony was not her own and that she had been pressured into discussing things about which she had no knowledge. See J.A. 426 ("That's a part where I felt like he was pressuring me into answering stuff that I said I did not know."); J.A. 427 ("See, that doesn't even sound like something I would say the way it was, like, worded or typed out."); J.A. 428 ("I don't feel like this is accurate that you're showing me. I just don't remember answering these questions . . . in my testimony."). Additionally, Milosavljevic called into question the entirety of her grand jury testimony by saying that she "felt forced or pressured" to give certain answers, J.A. 401, and asserting that

6

her "testimony might not have been honest" because she took a pain pill the morning of her grand jury testimony, J.A. 416.

Given the inconsistencies in Milosavljevic's trial testimony, the inconsistent portions of her grand jury testimony were no doubt admissible under Rule 801(d)(1)(A). See United States v. Murphy, 696 F.2d 282, 284 (4th Cir. 1982) (explaining that Rule 801(d)(1) "provide[s] a party with desirable protection against the 'turncoat' witness who changes h[er] story on the stand and deprives the party calling h[er] of evidence essential to his case" (internal quotation marks omitted)). Moreover, because Milosavljevic called into question the entirety of her grand jury testimony by suggesting that the government pressured her into providing certain answers, the entirety of the testimony was necessary to refute that contention by showing that the government exerted no improper pressure at any point during the testimony. Cf. United States v. Distler, 671 F.2d 954, 958 (6th Cir. 1981) (admission of grand jury testimony not abuse of discretion despite fact that "some of the prior testimony corroborates the in-court testimony" because "the corroborative portions are needed to set

7

the whole in context").  Accordingly, under these circumstances, we find no abuse of discretion.[*]

IV.

For the foregoing reasons, we affirm Cowan's conviction.

AFFIRMED

---

[*] Cowan also challenges the admission of certain hearsay testimony and the restrictions the district court imposed on the scope of his direct examination of witnesses.  Because Cowan did not object to these rulings at trial, we review for plain error. See United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). We have reviewed these claims under the plain error standard and find no reversible error, individually or cumulatively.  See United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009) ("Generally, . . . if a court determines that none of a defendant's claims warrant reversal individually, it will decline to employ the unusual remedy of reversing for cumulative error." (alterations and internal quotation marks omitted)).