**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy SANDERS, Defendant–**
**Appellant.**

**No. 15–5307.**

United States Court of Appeals,
Sixth Circuit.

Jan. 6, 2016.

BEFORE: SILER, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge.

Timothy Sanders, a convicted felon, pleaded guilty to possessing firearms in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Sanders appeals his conviction and sentence. We affirm both.

I.

Sanders sold two firearms on separate occasions to a pawnshop. In its course of business, the pawnshop emailed a list of transactions to Roane County Sheriff's Office. A detective recognized Sanders's name as that of a convicted felon and notified the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). An ATF agent investigated the pawnshop and seized the firearms. As a result, a grand jury indicted Sanders on two counts of possessing a firearm as a convicted felon.

Following adverse rulings on three pretrial motions, Sanders changed his plea to guilty on both counts. At the plea colloquy, the district court read the indictment and the offense elements before the government advised Sanders that he might qualify for an enhanced punishment under the ACCA. Sanders confirmed that he consulted with his attorney and understood that qualifying as an armed career criminal entailed a mandatory-minimum term from between 15 years' imprisonment to life. Concluding Sanders's plea was knowing and voluntary, the district court accepted it.

At sentencing, the presentencing investigation report identified Sanders's three ACCA predicate offenses: convictions for breaking and entering in 1992 and 1993, plus a conviction for possession with intent to distribute cocaine in 2000. Sanders acknowledged that the 1992 and 2000 convictions qualified as ACCA predicates, but maintained that the 1993 conviction did not because the relevant statute was divisible and the government failed to show that the conviction necessarily involved a violent felony. The district court overruled Sanders's objection, applied the ACCA, and

sentenced Sanders to 180 months' imprisonment.

## II.

Sanders appeals, arguing that the court erred in four ways: (1) misapplying the ACCA, (2) accepting his guilty plea without confirming its voluntariness, (3) ruling erroneously on pretrial motions, and (4) making findings regarding his prior convictions at sentencing. We address each of these in turn.

### 1. *Application of the Armed Career Criminal Act*

A defendant who violates 18 U.S.C. § 922(g), felon-in-possession-of-a-firearm, after having sustained three prior convictions of either serious drug offenses or violent felonies, is subject to the ACCA. 18 U.S.C. § 924(e)(1). Sanders claims that the government failed to prove that his 1993 breaking-and-entering conviction qualified as a violent felony. "We review determinations as to whether a conviction qualifies as a violent felony under the ACCA *de novo*," and "a district court's factual findings at sentencing ... for clear error." *United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir.2013) (citations and internal quotation marks omitted).

To answer this question, courts generally employ a categorical approach, " 'look[ing] only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.' " *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013)

(quoting *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). If the prior conviction involves a divisible statute—that is, one that could be "violate[d] ... in a way that amounts to a crime of violence and in a way that does not"—courts apply a modified categorical approach. *United States v. Johnson*, 675 F.3d 1013, 1016–17 (6th Cir.2012) (quoting *United States v. Ford*, 560 F.3d 420, 422 (6th Cir.2009)). That requires "look[ing] beyond the statutory language and examin[ing] certain state-court documents ... to determine whether the conviction necessarily depended on the commission of a crime of violence." *United States v. Rede–Mendez*, 680 F.3d 552, 556 (6th Cir.2012) (citing *United States v. McMurray*, 653 F.3d 367, 372 (6th Cir.2011)).

■ The statute pertinent to Sanders's 1993 conviction reads:

Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any such of buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years....

Mich. Comp. Laws Ann. § 750.110 (West 1990).[1] Although the statute eschews the

---

1. Sanders's 1993 judgment of conviction styles his breaking-and-entering violation as "MCL 750.110–B." Though no such code provision exists, Sanders advised that Mich. Comp. Laws § 750–110b is a misdemeanor prohibiting "[d]umping of garbage, oil, or rubbish from boats." Yet Sanders attaches

no claim to this observation, and "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir.1997) (quoting *Citizens Awareness Network, Inc. v.*

term "burglary," the Supreme Court held that for ACCA purposes, "burglary" is any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to a commit a crime." *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Michigan's statute embraces these basic elements and qualifies as burglary under the ACCA. *See, e.g., United States v. Fish,* 928 F.2d 185, 188 (6th Cir.1991). Burglary is a violent felony "if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." *Shepard v. United States,* 544 U.S. 13, 15–16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Because Michigan's statute encompasses both violent and non-violent burglary, the sentencing court looks to "the indictment, judgment of conviction or verdict" to determine whether Sanders's conviction involved a violent felony. *United States v. Elliott,* 757 F.3d 492, 494 (6th Cir.), *cert. denied,* —— U.S. ——, 135 S.Ct. 304, 190 L.Ed.2d 221 (2014).

To this end, the district court reviewed Sanders's 1993 judgment-of-conviction form, which abbreviates his crime as "B & E OCC DWEL COM L," and concluded that the conviction involved breaking and entering an occupied dwelling. Sanders maintains that in the absence of an explanation of these abbreviations or a description of Michigan's reporting practices, the form is too ambiguous to support the district court's judgment. We disagree. Not only are these abbreviations unambiguous, we repeatedly approve "applying basic common sense ... to resolve such questions about the proper interpretation of words or notations that appear on the face of a judgment." *See, e.g., United States v. Beasley,* 442 F.3d 386, 392–93 (6th Cir.

2006) (reviewing a district court's reasonable interpretation of "CA:M2" as criminal attempt, second degree murder). The reasonable construction of "B & E OCC DWEL COM L" is that the 1993 conviction involved breaking and entering an occupied dwelling under common law. Indeed, Sanders proposes no alternative reading, and any "lingering metaphysical doubt as to the translation" that he may have, without more, is insufficient to establish clear error. *See id.* at 394. We thus affirm the district court's finding that the 1993 conviction involved a violent felony as well as its application of the ACCA.

### 2. Violation of Federal Rule of Criminal Procedure 11

Sanders also challenges the validity of his guilty plea under Rule 11. Because Sanders did not contemporaneously object, we review the plea's acceptance for plain error. *See United States v. Webb,* 403 F.3d 373, 378 (6th Cir.2005) (citing *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002)).

Rule 11 requires a district court to "verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378–79 (citing *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988)). This includes confirming that the defendant understands "the maximum and minimum sentences that may be imposed." *United States v. Martin,* 668 F.3d 787, 792 (6th Cir.2012) (citing *King v. Dutton,* 17 F.3d 151, 154 (6th Cir.1994)).

Here, the district court committed no error, let alone plain error. During the

*United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995)).

comprehensive plea colloquy, the court confirmed that Sanders understood that his plea relieved the government of its obligation to prove the elements of 18 U.S.C. § 922(g) beyond a reasonable doubt. The government then advised Sanders as to the minimum and maximum penalties for these charges, explaining:

> The penalty ... for each violation of 18, United States Code, Section 922(g)(1) is normally a maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a term of supervised release up to three years, and $100 special assessment. That's mandatory.
>
> However, after reviewing the defendant's criminal history, I believe that he would qualify for an enhanced punishment under the Armed Career Criminal Statute. That changes the penalty to a mandatory-minimum term of imprisonment of at least 15 years up to a maximum of life, a fine of $250,000, a term of supervised release ... up to five years, and the mandatory special assessment remains $100.

The district court asked Sanders whether he listened to the government's explanation, understood the potential penalties, and still wished to plead guilty. Sanders requested a brief moment to speak with his attorney before confirming his understanding and continued desire to plead guilty. The district court then explained that if Sanders were deemed an armed career criminal, the court "would be prohibited from sentencing [Sanders] to anything less than [ACCA's mandatory minimum]." Sanders again voiced his understanding. The government then articulated the factual basis for its case, Sanders entered his plea, and the district court accepted it as fully competent and informed.

We find Sanders's claims on appeal that this colloquy left him unaware of the ACCA's mandatory-minimum sentence unavailing. He analogizes his case to an Eighth Circuit decision in which the prosecutor stated that if the ACCA applied, there was a "possibility of a mandatory minimum sentence of 15 years imprisonment." *United States v. Gray*, 581 F.3d 749, 753 (8th Cir.2009) (per curiam). There the circuit court reversed the conviction, deeming the "double conditional language (if ... [then] ... a *possibility* )" problematic because "a 15–year minimum sentence is mandatory, not just a mere 'possibility.'" *Id.* at 753–54. Quite different than Sanders's case where neither the district court nor the government equivocated regarding the mandatory penalties Sanders faced. Rather, the court precisely informed Sanders as to his potential mandatory-minimum sentence and repeatedly verified Sanders's comprehension.

Sanders also challenges the validity of the plea on the basis that the district court failed to explain that it waived his right to appeal the court's pretrial motions rulings. It is well established, however, that a "trial court is not obligated to inform defendants of the consequences of an unconditional plea on a potential appeal." *United States v. Adigun*, 703 F.3d 1014, 1020 (7th Cir. 2012) (citing *United States v. Fisher*, 772 F.2d 371, 375 (7th Cir.1985)); *see, e.g.*, *United States v. Vasquez–Martinez*, 616 F.3d 600, 604 (6th Cir.2010) (noting a defendant need not be informed of a waiver of the right to appeal prior adverse decisions). The district court thus did not plainly err in accepting Sanders's plea.

### 3. Rulings on the Motion to Suppress and Motions in Limine

■ Sanders also seeks review of the correctness of the district court's disposition of his and the government's pretrial motions. But an unconditional guilty plea precludes appellate review of all non-juris-

dictional antecedent rulings. *See, e.g., Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Abdulmutallab,* 739 F.3d 891, 904 (6th Cir.2014). Sanders's challenges therefore fail.

### 4. *Introduction of Prior Convictions at Sentencing*

In an abundance of caution, Sanders also presses a claim that he acknowledges cannot succeed—the introduction of his prior convictions as violative of the Constitution. The Supreme Court decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) forecloses relief on this point.

### III.

For the foregoing reasons, we AFFIRM Sanders's conviction and sentence.